United States District Court
District of Minnesota

| | |
|---|---|
| Denna Weddle,<br><br>   Plaintiff,<br><br>v.<br><br>Diversified Adjustment Service, Inc. and Molly Doe,<br><br>   Defendants. | Court file no. _____<br><br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

## Jurisdiction

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendants transact business in Minnesota.

## Parties

4. Plaintiff Denna Weddle is a natural person who resides in Forest Lake, County of Washington, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Diversified Adjustment Service, Inc. ("Defendant DAS") is a Minnesota corporation and collection agency, with a principal address of 600 Coon Rapids Boulevard, Coon Rapids, MN 55434. Defendant DAS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Molly Doe is a natural person who was employed at all relevant times by Defendant DAS as a collection agent and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

7. On or before 2011, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely a personal debt with Xcel Energy, which was used by Plaintiff for personal, family, or household purposes.

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *Defendants Harass Plaintiff on or about March 7, 2012*

9. On or about March 7, 2012, Defendants contacted Plaintiff by telephone at her cellular phone number in an effort to collect this debt, and this call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. At the time of the call, Plaintiff was at work.

11. The caller id on Plaintiff's cellular phone displayed (800) 405-5085.

12. Plaintiff spoke with an unidentified female debt collector working for Defendant DAS.

13. Defendant DAS's collector stated she was attempting to collect a debt for Xcel energy and asked Plaintiff how she was going to pay the debt, or words to that effect.

14. Plaintiff explained she was at work and could not talk, or words to that effect.

15. Defendant DAS's collector dismissed Plaintiff's statement and said she had no other way to contact Plaintiff, or words to that effect.

16. Defendant DAS's collector again asked how Plaintiff was going to pay for the debt, or words to that effect.

17. Plaintiff again explained she was at work and said "I can't talk right now" or words to that effect.

18. Defendant's DAS's collector then rudely laughed and said "I'll call you tomorrow" or words to that effect.

19. This phone call was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692e, and 1692e(10), among others.

### Defendant Molly Doe Harasses Plaintiff on or about March 15, 2012

20. On or about March 15, 2012, Defendants contacted Plaintiff by telephone at her cellular phone number in an effort to collect this debt, and this call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21. Plaintiff spoke with Defendant Molly Doe.

22. Defendant Molly Doe stated she was calling from Defendant DAS and that she was calling about a personal business matter, or words to that effect.

23. Plaintiff asked Defendant Molly Doe if she was a debt collector, or words to that effect.

24. Defendant Molly Doe stated she would continue to contact Plaintiff until the matter was resolved, or words to that effect.

25. Plaintiff stated she had an attorney and told Defendant Molly Doe to stop contacting her, or words to that effect.

26. Defendant Molly Doe asked for the name and number of Plaintiff's attorney, or words to that effect.

27. Plaintiff explained she was outside, but she would go inside to get the information, or words to that effect.

28. Plaintiff stayed on the phone and went inside to get her attorney's information.

29. Defendant Molly Doe continued to collect the debt, or words to that effect.

30. Defendant Molly Doe then told Plaintiff to "hold on" or words to that effect.

31. Plaintiff could hear Defendant Molly Doe typing notes and talking outloud, saying "customer was rude, non-complaint, argumentative" or words to that effect.

32. Plaintiff told Defendant Molly Doe "I heard that" or words to that effect.

33. Plaintiff provided the name and phone number of present counsel.

34. Defendant Molly Doe told Plaintiff that she was just writing down how Plaintiff was acting, or words to that effect.

35. Despite being provided with the name and phone number of Plaintiff's attorney, Defendant Molly Doe told Plaintiff "I need a code" or words to that effect.

36. Plaintiff was confused and asked Defendant Molly Doe what she was talking about, or words to that effect.

37. Defendant Molly Doe explained "there's something in their computer, a code for bankruptcy" or words to that effect.

38. Plaintiff explained she didn't know anything about a code and told Defendant Molly Doe to contact her attorney.

39. Soon thereafter, the call ended.

40. This phone call was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692d(2), 1692e, 1692e(10), and 1692f, among others.

*Summary*

41. All of the above-described collection communications made to Plaintiff and her family members by these individual Defendants and other collection employees employed by Defendant DAS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

42. The above-detailed conduct by these Defendants in their efforts to collect this alleged debt were in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

43. Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form of anger, anxiety, emotional distress, and frustration, amongst other negative emotions.

44. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of the Plaintiff.

## Respondeat Superior Liability

45. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant DAS who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant DAS.

46. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant DAS in collecting consumer debts.

47. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant DAS.

48. Defendant DAS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and

omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

<h2 style="text-align:center">Trial by Jury</h2>

49. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

<h2 style="text-align:center">Causes of Action</h2>

<h3 style="text-align:center">Count 1:<br>Violations of the Fair Debt Collection Practices Act<br>15 U.S.C. §§ 1692 et seq.</h3>

50. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

51. The foregoing intentional and negligent acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

52. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against each Defendant for:

## Count 1:
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692 et seq.

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

- for such other and further relief as may be just and proper.

                              Respectfully submitted,

                              **The Ryder Law Firm, LLC**

Date: January 15, 2013           *s/Randall P. Ryder*
                                                Randall P. Ryder (#389957)
                                                2701 University Ave SE, #209
                                                Minneapolis, MN 55414

                                                phone • 612.424.3770
                                                fax • 612.605.3247
                                                e-mail • email@theryderlawfirm.com

                              **Attorney for Plaintiff**

## Verification of Complaint and Certification

STATE OF MINNESOTA      )
                        ) ss
COUNTY OF HENNEPIN      )

Pursuant to 28 U.S.C. § 1746, Plaintiff Denna Weddle, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 1/4/2013

Denna Weddle